UNITED STATES of America,
Plaintiff–Appellee,

v.

Valentino CORONA–TAMIRIZ,
Defendant–Appellant.

No. 15–50176.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 25, 2016.

Francis Anthony Digiacco, Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Thomas Paul Matthews, Law Office of Thomas P. Matthews, San Diego, CA, for Defendant–Appellant.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Valentino Corona–Tamiriz appeals from the district court's judgment and challenges the 12–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Corona–Tamiriz contends that the district court procedurally erred by relying on the erroneous fact that he previously

received a fast-track departure under U.S.S.G. § 5K3.1. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir.2013), and find none. Corona–Tamiriz has not shown that the district court relied on any clearly erroneous fact in determining the sentence. *See id.* at 1103. Rather, the record reflects that the district court correctly observed that Corona–Tamiriz previously pleaded guilty to misdemeanor unlawful reentry, in violation of 8 U.S.C. § 1325, in exchange for the government's dismissal of a felony unlawful reentry charge. Moreover, contrary to Corona–Tamiriz's contention, the within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Corona–Tamiriz's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Corona–Tamiriz's motion to strike is granted. The Clerk shall strike the excerpts of record submitted on December 29, 2015.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.